IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DENA B.[1], | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:20-cv-00585 |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | By:  Elizabeth K. Dillon |
|   Commissioner, Social Security | ) |      United States District Judge |
|   Administration, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dena B. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act.  (Complaint, Dkt. No. 2.)  Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 15, 20), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R).  On December 1, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision.  (R&R, Dkt. No. 23.)  Plaintiff filed objections on December 15, 2021.  (Dkt. No. 24.)  The Commissioner responded to the objections on December 28, 2021.  (Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation.  Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's

decision.

## I.  BACKGROUND[2]

Dena originally filed for Supplemental Security Income (SSI) in 2014 and had her claim

denied in 2017.  Dena filed a civil action in this court to challenge the denial of benefits.  *See*

*Dena B. v. Berryhill*, Case No. 7:18-cv-141.  The court reversed and remanded for further

proceedings on September 24, 2019.

On remand, the Administrative Law Judge (ALJ) found that plaintiff suffered from the

severe impairments of lumbar degenerative disc disease, chronic obstructive pulmonary disease

(COPD), anxiety, depression, and polysubstance use disorder.  (Tr. 736.)  At step three of the

five-step sequential evaluation process, the ALJ concluded that plaintiff's impairments did not

meet or medically equal a listed impairment.  The ALJ further reasoned that despite her severe

impairments, plaintiff had the residual functional capacity (RFC) to perform a limited range of

light work.  Specifically, plaintiff can understand, remember, and carry out simple instructions,

perform simple tasks, and make simple work-related decisions.  She can have occasional

interaction with others and adapt to occasional changes in a customary workplace setting, but she

should avoid fast-paced work, meaning work requiring rapid movement with a high productivity

level, tight deadlines, or quick turnaround, such as an assembly line worker or a server in a

crowded restaurant.  Plaintiff can maintain concentration for at least 2-hour segments, with

customary breaks, on a sustained basis, and is expected to be off task 10% of the workday.

Plaintiff should also avoid concentrated exposure to pulmonary irritants.

---

[2]  The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 3–6.)

The ALJ determined that plaintiff could not perform her past relevant work as a hand packer but that she could perform jobs that exist in significant numbers in the national economy, such as mail clerk, marker, and photocopy machine operator.  Thus, the ALJ concluded that plaintiff was not disabled.

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge."  *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review."  *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B.  Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ's assessment of her mental impairments, resulting RFC findings, and subjective allegations are not supported by substantial evidence.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 20–34, Dkt. No. 16.)  In many if not most respects, plaintiff's objections are a restatement of her summary judgment arguments.  It is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge.  The court will, however, address the following objections.

Plaintiff argues that the R&R erred in concluding that the ALJ properly assessed her mental impairments in accordance with Social Security Ruling 96-8p.  According to plaintiff, the ALJ did not properly explain how the RFC accommodated her various limitations or account for her hallucinations.  Plaintiff complains about the ALJ's citation to her testimony that she has hallucinations two or three times a year because that testimony was at her first ALJ hearing prior to the federal court remand.  At the subsequent hearing, plaintiff testified that she continued to have hallucinations on a regular basis.  Plaintiff fails to account for the ALJ's explanation that plaintiff "often reported adequate symptom control from psychiatric medications when she took them as prescribed."  (Tr. 739.)  And as the R&R noted, the "records Dena points to as documenting continued hallucinations even while taking medication generally show providers attempting to find the right medication and dose, including increasing Seroquel to address the hallucinations."  (R&R 10–11 (citing Tr. 573).)  The ALJ properly assessed plaintiff's mental impairments, and the ALJ's findings are supported by substantial evidence.

Regarding her subjective allegations, plaintiff once again objects that the ALJ ignored evidence after 2017 and the federal court remand.  As the magistrate judge noted, however, the

ALJ discussed plaintiff's medical record through July 2020.  (Tr. 743–44.)  The ALJ acknowledged plaintiff's depression and anxiety as severe impairments.

Finally, plaintiff argues that the R&R erroneously distinguished this case from *Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251 (4th Cir. 2017), with respect to the ALJ's analysis of plaintiff's activities of daily living.  In *Brown*, the ALJ failed to acknowledge that the extent of activities of daily living, including cooking, driving, doing laundry, collecting coins, attending church and shopping, were limited.  873 F.3d at 263.  Unlike in *Brown*, the ALJ pointed to more than activities of daily living to discount plaintiff's subjective allegations.  And *Brown* does not stand for the proposition that activities of daily living cannot be used as contrary evidence.

## III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 23) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 24) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 20) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 15) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 14, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

6